UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONI BRAUNAGEL | ) | Case Number |
| Plaintiff | ) | |
| vs. | ) | CIVIL COMPLAINT |
| PENN CREDIT CORPORATION | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Toni Braunagel, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Toni Braunagel, (hereinafter "Plaintiff"), is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the Telephone Consumer Protection Act of 1991 ("TCPA") which prohibits telemarketing calls, unsolicited faxes, prerecorded calls, or autodialed calls to cell phones, and relief against Invasion of Privacy by Intrusion upon Seclusion.

## II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this District is proper in that the Defendant maintains a primary location in this District.

## III.   PARTIES

4.   Plaintiff, Toni Braunagel, (hereafter, Plaintiff) is an adult natural person residing in Nixa, Missouri.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.   Defendant, Penn Credit Corporation (hereafter, Defendant) at all times relevant hereto, is and was a corporation, engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Missouri, with a principal place of business located at 916 S. 14th Street, Harrisburg, PA 17104.

6.   Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.   Over the last several months, Plaintiff has been receiving calls to her personal cell phone from the Defendant looking to speak with a "Rod & Candi Dickerson".

8.   The majority of these calls have been automated.

9. Although the Plaintiff has knowledge of who the couple above is they do not and have never resided with her.

10. Plaintiff is not responsible in any way for the debt of "Rod & Candi Dickerson".

11. Plaintiff has no knowledge of the current whereabouts of this couple or how to contact them.

12. Despite informing the Defendant multiple times that they are calling the wrong number and that they need to remove her phone number from their files, the Plaintiff continues to receive daily calls from the Defendant.

13. Since their initial call, the Defendant has consistently made three (3) to four (4) calls daily, at least five (5) days a week.

14. Plaintiff lives alone and is fielding calls day and night from the Defendant in their failed attempts to contact the people referenced above even after full knowledge that they are calling the wrong number.

15. Plaintiff states that even after informing the Defendant and their agents that they are calling the wrong number, she is continually kept on the line and pressed on whether or not she knows the couple above.

16. On or about May 30, 2014, Plaintiff received two (2) additional calls from the Defendant again asking to speak with "Rod & Candi Dickerson".

17. At that time, Defendant was informed that the Plaintiff had now looked into legal representation for their continued harassing calls.

18. Defendant's response was that it could take up to another twelve (12) hours for Plaintiff's request to stop the calls to go through.

19. As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§§1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Penn Credit Corporation, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II - TCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

29. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

   a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

   b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

   c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Statutory damages up to $1,500 per telephone call;

    c.      Reasonable attorney's fees and costs of suit pursuant to 47 U.S.C. §227; and

    d.      Treble damages.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30.    The above paragraphs are hereby incorporated herein by reference.

31.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32.    Missouri recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Missouri state law.

33.    Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiffs with frequent telephone calls, abusing Plaintiff.

34.    The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

35.    The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36.    As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

37. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit;

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: June 9, 2014        BY:   *Brent F. Vullings, Esquire*
                                Brent F. Vullings, Esquire
                                Vullings Law Group, LLC
                                3953 Ridge Pike
                                Suite 102
                                Collegeville, PA  19426
                                610-489-6060
                                610-489-1997 fax
                                bvullings@vullingslaw.com
                                Attorney for the Plaintiff